Filed 6/25/13  Thompson v. Krippendorf CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| TANYA THOMPSON,<br><br>　　　Plaintiff and Appellant,<br><br>　　　　　v.<br><br>BRIAN KRIPPENDORF,<br><br>　　　Defendant and Respondent. | A136031<br><br>(Contra Costa County<br>Super. Ct. No. D0901592) |

Tanya Thompson (appellant), formerly known as Tanya Nemick, appeals from the trial court's orders granting the motion of Brian Krippendorf (respondent) as to child support and denying the request of appellant to modify custody and visitation.  We affirm the child support order but remand for reconsideration of appellant's request regarding custody and visitation under the proper standards.

## BACKGROUND

Appellant and respondent have two children together, boys born in April 2006 and January 2008.  Appellant filed a complaint to establish respondent's parental relationship in March 2009; appellant requested joint legal custody and sole physical custody of the children.  In July 2009, the trial court awarded temporary physical custody to appellant, and respondent was permitted visitation and ordered to pay child support.  Court orders in September and October 2009 made some adjustments to respondent's visitation and

1

provided for limited weekend custody. The October order directed, "There shall be a full custody evaluation for the minor children."

Following a December 2009 hearing, the court appointed Dr. Nancy Olesen under Evidence Code section 730 to conduct an expert child custody evaluation. In September 2010, Dr. Olesen produced a detailed report and recommended that custody be awarded to respondent. Among other things, she opined appellant was suffering from a "delusional disorder" that resulted in appellant making various unfounded accusations regarding respondent.

On September 16, 2010, in light of Dr. Olesen's report, the trial court awarded "temporary" physical custody of the children to respondent and permitted appellant to have supervised visitation, pending a recommendation conference. In November 2010, the parties agreed to a stipulated order on custody and visitation. The stipulated order largely adopted Dr. Olesen's recommendations. Among other things, respondent was awarded sole physical custody, appellant was limited to supervised visitation one day a week, and appellant agreed to receive therapy and attend parenting classes. The trial court made the stipulated agreement an order of the court.

In October 2011, the trial court entered as an order of the court a stipulation providing, among other things, that the parties had shared responsibility for the children's preschool and daycare expenses, therapy expenses, and unreimbursed health care expenses. The court reserved jurisdiction over child support, effective January 1, 2011.

In February 2012, respondent filed a motion seeking, among other things, child support starting in January 2011 and arrearages for the children's child care, therapy, and medical expenses. In April 2012, appellant requested modification of the trial court's custody and visitation order; she requested joint physical custody and unsupervised visitation.

Following a hearing in August 2012, the trial court issued an order that, among other things, directed appellant to pay off arrearages for child support and other expenses at a rate of $200 per month, and directed her to pay $1,322 per month in child support

effective May 2012. The court denied appellant's request to modify the custody and visitation order. This appeal followed.

DISCUSSION

I. *The Changed Circumstances Rule Did Not Apply to Appellant's Request*

At the April 2012 hearing on the parties' motions regarding child support, custody, and visitation, the trial court explained to appellant the denial of her request to modify the custody and visitation order as follows: "I'm saying, because you have not been exercising your visitation and you have not been fully in complete compliance, I don't see a basis -- there has to be a change of circumstances. If anything, because you're not fully exercising your . . . supervised visitation, . . . it would maybe go the other way in terms of your ability to see your children as often as has been allowed. I'm going to keep it the way it is."[1] Appellant contends the trial court erred in denying her request on the basis that she failed to show changed circumstances and without consideration of the best interests of the children. We agree.

"In general, child custody and visitation orders in family court proceedings are subject to the trial court's broad discretion and an abuse of discretion is found only where the court exceeds the bounds of reason. [Citation.] Nonetheless, appellant's contention as to the appropriate legal standard to apply in ruling on [her motion] raises a question of law, which we review de novo. [Citation.]" (*In re Marriage of David and Martha M.* (2006) 140 Cal.App.4th 96, 100-101, fn. omitted.)

"Ordinarily, after a judicial custody determination, the noncustodial parent seeking to alter the order for legal and physical custody can do so only on a showing that there has been a substantial change of circumstances so affecting the minor child that modification is essential to the child's welfare. [Citation.]" (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 37.) "It is settled that to justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child.

---

[1] The trial court's comment appears to be a reference to respondent's declaration averring that appellant, who moved to Indiana in January 2011, spent only 12 hours with the children in 2011 and 10 hours with the children in 2012.

[Citation.]  And that change must be substantial:  a child will not be removed from the prior custody of one parent and given to the other 'unless the material facts and circumstances occurring subsequently are of a kind to render it essential or expedient for the welfare of the child that there be a change.'  [Citation.]  The reasons for the rule are clear:  'It is well established that the courts are reluctant to order a change of custody and will not do so except for imperative reasons; that it is desirable that there be an end of litigation and undesirable to change the child's established mode of living.'  [Citation.]"  (*In re Marriage of Carney* (1979) 24 Cal.3d 725, 730-731, fn. omitted.)  "[T]he burden of showing a sufficient change in circumstances is on the party seeking the change of custody.  [Citations.]"  (*Id.* at p. 731.)

In *Montenegro v. Diaz* (2001) 26 Cal.4th 249 (*Montenegro*), the Supreme Court clarified the application of the changed circumstance rule to stipulated custody orders. The court first explained that "the changed circumstance rule applies 'whenever [final] custody has been established by judicial decree.'  [Citation.]"  (*Id.* at p. 256.)  The court then rejected the argument that "stipulated custody orders cannot be final judicial custody determinations for purposes of the changed circumstance rule absent a 'judicial inquiry as to whether the agreement results in an actual custody arrangement that fosters the child's best interest.' "  (*Id.* at p. 257.)  Nonetheless, although "stipulated custody orders *may* be final judicial custody determinations for purposes of the changed circumstance rule," "a stipulated custody order is a final judicial custody determination for purposes of the changed circumstance rule only if there is a clear, affirmative indication the parties intended such a result."  (*Id.* at p. 258.)  In requiring such affirmative indication of the parties' intent, the court "recognize[d] the reality that many family court litigants do not have attorneys and may not be fully aware of the legal ramifications of their stipulations. Because most trial courts ' " 'rubber stamp' " ' stipulations in custody proceedings [citation], our holding ensures that courts effectuate the *actual* intent of the parties when they entered into the stipulation without precluding them from making enforceable promises [citation]."  (*Ibid.*)

4

Appellant contends there is no "clear, affirmative indication" (*Montenegro*, *supra*, 26 Cal.4th at p. 258), that the November 2010 stipulated order was intended to be a final custody determination. The argument has merit. Neither the order nor the detailed agreement incorporated therein include any clear language affirmatively indicating it was the intent of the parties the order would constitute a final judicial custody determination. Nowhere in the order or its attachments do the words " 'final,' " " 'permanent,' " or " 'judgment,' " or words to that effect, appear. (*Montenegro*, at p. 259; *F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 19.) There is no indication in the record that the parties were informed the order would constitute the court's final determination on custody, and the order does not terminate the court's jurisdiction. The fact that the order included detailed provisions regarding custody, visitation, and other matters, and did not provide for further hearings on those issues, is not a sufficient basis to conclude the parties intended the order to be the final judicial determination. (*Montenegro,* at p. 259 ["Although these orders included detailed visitation schedules and did not provide for further hearings, they did not clearly state that they were final judgments as to custody."].)

Notably, the order directed appellant to participate in psychotherapy and a parenting class, which appellant may have viewed as calculated to resolve the problems that led to the recommendation of custody with respondent, with an eventual goal of restoring shared physical custody. Ultimately, because there is no clear indication whether the parties intended the order to be the final judicial custody determination, *Montenegro* precluded the trial court from treating it as such.

Where there has not been a final judicial determination as to custody, a request for a change in custody is to be determined pursuant to the best interests standard. (*Montenegro*, *supra*, 26 Cal.4th at p. 252.) Because the trial court below believed appellant needed to support her motion with a showing of changed circumstances, we must remand to provide the court an opportunity to decide the motion under the proper standard. In exercising its discretion in determining the best interests of the children, "relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact

5

with the parents.  [Citation.]"  (*Montenegro*, at p. 255; Fam. Code, § 3011.)  The trial court's expressed concern about appellant's failure to visit the children may properly be considered in the context of the best interests determination.  The trial court should also consider appellant's request for unsupervised visitation without requiring appellant to show changed circumstances.  (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1077.)

II. *Appellant Has Not Shown the Trial Court Abused Its Discretion as to Support*

Appellant also contends the trial court abused its discretion in fashioning the child support award.  She does not argue the trial court erred in calculating the appropriate award under the statutory guidelines; instead she argues the court should have deviated downward because the guideline support level is "unjust or inappropriate" within the meaning of Family Code section 4057.[2]  In particular, she argues the child support award

[2]  Subdivision (b) of section 4057 of the Family Code provides:

"The presumption of subdivision (a) is a rebuttable presumption affecting the burden of proof and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case, consistent with the principles set forth in Section 4053, because one or more of the following factors is found to be applicable by a preponderance of the evidence, and the court states in writing or on the record the information required in subdivision (a) of Section 4056:

"(1) The parties have stipulated to a different amount of child support under subdivision (a) of Section 4065.

"(2) The sale of the family residence is deferred . . . and the rental value of the family residence in which the children reside exceeds the mortgage payments, homeowner's insurance, and property taxes . . . .

"(3) The parent being ordered to pay child support has an extraordinarily high income and the amount determined under the formula would exceed the needs of the children.

"(4) A party is not contributing to the needs of the children at a level commensurate with that party's custodial time.

"(5) Application of the formula would be unjust or inappropriate due to special circumstances in the particular case.  These special circumstances include, but are not limited to, the following:

"(A) Cases in which the parents have different time-sharing arrangements for different children.

6

consumes an excessive percentage of her monthly income.  However, Family Code section 4507, subdivision (b) requires that a departure from the guideline support level be justified by one of several specified factors, and appellant fails to explain how her evidence justified a departure under any of those factors.  Thus, appellant has failed to show the trial court abused its discretion.  (*In re Marriage of Rosen* (2002) 105 Cal.App.4th 808, 825.)

DISPOSITION

We affirm the trial court's child support order but reverse its order denying appellant's request to modify the custody and visitation order.  We remand for reconsideration of that request consistent with this opinion.  The parties shall bear their own costs on appeal.

_____<br>SIMONS, J.

We concur.

_____
JONES, P.J.

_____
NEEDHAM, J.

---

"(B) Cases in which both parents have substantially equal time-sharing of the children and one parent has a much lower or higher percentage of income used for housing than the other parent.

"(C) Cases in which the children have special medical or other needs that could require child support that would be greater than the formula amount."

7